UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-01429 (UNA) ) |
| HARRY L. STALEY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's "Complaint and Demand for Jury Trial, Based on Fiduciary Embezzlement and Conversion, in Conjunction With a Request for the Appointment of a Receiver," ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court will grant the motion and dismiss the case.

In the instant Complaint, Plaintiff reasserts "common law tort claims arising from the alleged misappropriation of assets Plaintiff gave the Defendant[] and subsequent fraudulent concealment," *Gray v. Staley*, 221 F. Supp. 3d 35, 37 (D.D.C. 2016), *aff'd*, *Gray v. Staley*, 707 F. App'x 2 (D.C. Cir. 2017) (per curiam), that "occurred after November 1994 and before 2011," Compl. at 3; *cf. Gray*, 221 F. Supp. 3d at 38 ("[f]ast-forward[ing] 26 years to 2011" when Plaintiff "allegedly learned for the first time" of the conduct giving rise to the current and former complaint naming Defendant Harry L. Staley).

In the prior case, the district court dismissed the complaint with prejudice under the District of Columbia's three-year statute of limitations, D.C. Code § 12-301(a), and reaffirmed that decision on remand from the U.S. Court of Appeals after considering "whether the statute of limitations applicable to Plaintiff's claims was tolled under D.C. Code § 12-302(a)(3) while

Plaintiff was incarcerated."[1]  *Gray*, 221 F. Supp. 3d at 39 (quoting USCA Order); *see id*. at 40 ("[T]he court reaffirms its dismissal of Plaintiff's Complaint with prejudice and formally denies Plaintiff's Motion for Reconsideration.").  In its post-remand affirmance, the Court of Appeals agreed that Plaintiff's "claims accrued in 1985" and the statute of limitations "was tolled during [Plaintiff's] first period of incarceration from 1979 until no later than December 1992 when appellant was released from prison."  *Gray*, 707 F. App'x at 2.  It concluded that "appellant's claims are time-barred, because the three-year statute of limitations began to run no later than December 1992, and thus expired no later than December 1995, but appellant did not file his complaint until May 2011."  *Id.*

Under the doctrine of res judicata, "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" is precluded if, as here, it involves a party to the first case.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see Yamaha Corp. of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992) (discussing issue preclusion, also known as, collateral estoppel); *see also Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (noting that because "res judicata belongs to courts as well as to litigants," a court may "consider the issue sua sponte").  Invoking "the disability statute of limitations," Plaintiff posits that from June 1994 "until December 1, 2020," he was incarcerated "without any interruption," which tolled the three-year statute of limitations for bringing this action.  Compl. at 7 (citing D.C. Code § 12-302(a)(3)).  But it was already established, in Plaintiff's prior case, that (1) the same claims underlying this action "accrued in 1985," *Gray*, 707 F. App'x at 2; (2) tolling notwithstanding, "more than three years [had] elapsed between the early 1990s,

---

[1] Under D.C. law, "when a person entitled to maintain an action is, at the time the right of action accrues . . . imprisoned," the person "may bring action within the time limited after the disability is removed," D.C. Code § 12-302(a)(3), which is when the person is released from prison and thus "immediately able to pursue his claim," *District of Columbia v. Tinker,* 691 A.2d 57, 65 (D.C. 1997).

when Plaintiff was released from prison and the limitations period began to run, and May 2011, when Plaintiff [first] filed suit," *Gray*, 221 F. Supp. 3d at 39; and (3) the limitations period, having already expired, "was not tolled again when" Plaintiff "was arrested and re-incarcerated in June 1994," *Gray*, 707 F. App'x at 2.

Plaintiff's alleged uninterrupted incarceration from 1994 to 2020 cannot plausibly resurrect the definitive untimely claims. Consequently, this case will be dismissed by separate order.

_____/s/_____
TIMOTHY J. KELLY
Date: July 1, 2024                United States District Judge